FILED

**NOT FOR PUBLICATION**

JAN 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LILI REN, | No. 13-73584 |
| Petitioner, | Agency No. A089-983-780 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016**

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Lili Ren, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' order dismissing her appeal from an immigration judge's

decision denying her application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards created by the REAL ID Act.  *See Ren v. Holder*, 648 F.3d 1079, 1083-84 (9th Cir. 2011).  We grant the petition for review and remand.

The agency found Ren not credible based on inconsistencies within her testimony and between her testimony and documentary evidence.  Substantial evidence does not support the agency's adverse credibility determination because it was based on inconsistencies that are either "manifestly trivial," *see id.* at 1089, or not supported by the record.  *See id.* at 1087.

The agency also found that even if Ren was credible, she did not meet her burden of establishing eligibility for the relief requested.  Substantial evidence supports the conclusion that Ren's experiences in China did not rise to the level of persecution.  *See Gu v. Gonzales*, 454 F.3d 1014, 1021 (9th Cir. 2006) (record did not compel the finding that petitioner demonstrated past persecution).  However, as Respondent concedes, in determining Ren failed to establish an objectively reasonable fear of future persecution in China, the agency erroneously relied on portions of a religious freedom report pertaining to Hong Kong, not mainland China.

13-73584

Thus, we grant the petition for review and remand Ren's asylum, withholding of removal, and CAT claims to the agency, on an open record, for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *Soto-Olarte v. Holder*, 555 F.3d 1089, 1095 (9th Cir. 2009).

**PETITION FOR REVIEW GRANTED; REMANDED.**